[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10351
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60142-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ROSALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2019)

Before TJOFLAT, JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Roberto Rosales pled guilty to knowingly attempting to persuade, induce, entice, or coerce a minor to engage in illicit sexual conduct in violation of 18 U.S.C. § 2422(b), and the district court sentenced him to prison for 168 months, at the low end of the Guidelines sentence range, 168-210 months. He appeals his sentence, raising one issue: "whether the sentence imposed by the district court is greater than necessary in violation of 18 U.S.C. § 3553(a)."[1] Appellant's Br. at 2. We interpret the issue as a claim that the sentence was substantively unreasonable.[2]

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In considering the substantive reasonableness of a sentence, we consider the totality

---

[1] 18 U.S.C. § 3553(a), Imposition of a sentence, provides in relevant part:
**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
  **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
  **(2)** the need for the sentence imposed--
    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    **(B)** to afford adequate deterrence to criminal conduct;
    **(C)** to protect the public from further crimes of the defendant; and
    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

[2] We do so because in the district court Rosales did not object to his sentence as procedurally unreasonable. Had he done so, we would find the sentence procedurally reasonable because the court committed no error in calculating the sentence range under the Sentencing Guidelines, considering the factors set out in 18 U.S.C. § 3553(a), or in explaining its reason for imposing the chosen sentence.

of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). However, the district court abuses its discretion if it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors in an unreasonable manner. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We do not apply a presumption of reasonableness to sentences within the Guidelines range, but we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Also, a sentence imposed well below the statutory maximum is an indicator of a reasonable sentence. *Id*. After evaluating for reasonableness, we will only vacate a defendant's sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by

3

arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

Rosales's sentence was substantively reasonable. The district court had wide discretion in its decision to place more weight on certain factors and less on others. *Clay*, 483 F.3d at 743.[3] The district court also sentenced Rosales to a term of imprisonment at the very bottom of the advisory guideline range and far below the statutory maximum. Such sentences are ordinarily expected to be reasonable. *See Stanley*, 739 F.3d at 656. For these reasons, the district court did not abuse its discretion in sentencing Rosales to 168 months' imprisonment for attempting to have sex with a nine-year-old girl in exchange for money and alcohol. The record does not support a "definite and firm conviction that the district court committed a clear error of judgment" in imposing that sentence. *See Irey*, 612 F.3d at 1190. Therefore, we affirm Rosales's sentence.

**AFFIRMED.**

---

[3] Rosales contends that his sentence was unreasonable because contrary to the district court's apparent view, no *real* children were involved in the case. The district court did not sentence him based on its belief that there were multiple real children at risk.